**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| SYLIS KARIAH, ERIC LYNCH and | ) | |
| AARON JOHNSON | ) | |
| | ) | |
| Plaintiffs, | ) | CIV. NO.: 06-CV-59 |
| v. | ) | |
| | ) | |
| HOVENSA, L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Finch, Senior Judge

THIS MATTER is before the Court on Defendant HOVENSA, L.L.C.'s ("HOVENSA" or "DEFENDANT") Motion for Summary Judgment. HOVENSA contends that Plaintiffs have failed to state a prima facie case of discrimination against HOVENSA and thus the matter must be dismissed. Plaintiffs oppose the Motion. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

### I. Background

On May 1, 2006, Plaintiffs Sylis Kariah, Eric Lynch and Aaron Johnson ("Plaintiffs") filed a one-count complaint alleging that HOVENSA had intentionally discriminated against Plaintiffs in violation of 42 U.S.C. § 1981 when HOVENSA denied them company housing because of their race, ethnic identity, or national origin. (Compl. ¶ 10.) Sylis Kariah is Indian-American, and Plaintiff Aaron Johnson and Eric Lynch are African-American. (Compl. ¶¶ 1-3.) All

Plaintiffs are residents of St. Croix, U.S. Virgin Islands. (*Id*.) Plaintiffs allege in their Complaint that HOVENSA has denied company housing to Plaintiffs but provided the same to white supervisors of Continental-American origin, even though the white supervisors have less seniority than Plaintiffs. (Compl.¶ 8.) Plaintiffs originally identified eleven employees of HOVENSA who allegedly were accorded preferential treatment in the award of housing: Albert Gray, Monte Mrotz, Mike Corripio, Donald Ferguson, Henry Strickland, Richard Turner, Ronnie Ray, Mike Petievich, Jeremy Crouthamel, Mike Federspiel, and William Long.[1] (Def. Statement of Undisputed Facts ¶ 12.) Later, in Plaintiffs' Opposition, Plaintiff identified Joey Jones as another individual. (Pl. Opp. at 2.)

Defendant asserts that Plaintiffs' claims regarding seven of the above-listed individuals are time-barred and that one of the individuals, William Long, was in fact, not awarded company housing. Defendant further contends that Plaintiffs have failed to state a prima facie case of discrimination regarding the award of on-property HOVENSA housing to any of the individuals listed in the Complaint. (Def. Mot. to Supp. at 2.) In opposing summary judgment, Plaintiff states that "[t]he evidence demonstrates at least two instances where HOVENSA gave similarly situated white supervisors company housing instead of plaintiffs." (Pl. Opp. at 1.)

## II.     Standard of Review

A moving party will prevail on a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The burden is on the moving

---

[1] The individuals are listed here in order of their hiring, not according to the ordering provided in the pleadings.

party to prove that there is no genuine dispute as to any material fact. *Monroe v. Beard*, 536 F.3d 198, 206 (3d Cir. 2008) (citations omitted). In reviewing a motion for summary judgment, the Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.2000)).

Once the moving party has carried its burden, "the burden shifts to the non-moving party to point to sufficient cognizable evidence to create material issues of fact such that a reasonable jury could find in its favor." *Bouriez v. Carnegie Mellon University*, 585 F.3d 765, 771 (3d Cir. 2009) (citations omitted). The nonmoving party cannot defeat summary judgment with "evidence [that] is merely colorable or not significantly probative." *Monroe*, 536 F.3d at 207 (citing *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir.1994)). *See also Acumed LLC v. Advanced Surgical Services, Inc.*, 561 F.3d 199, 228 (3d Cir. 2009) ("speculation and conjecture may not defeat a motion for summary judgment") (citation omitted). Moreover, summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

## III. Discussion

### A. Statute of Limitations

Defendant argues that its action in awarding housing as to seven of the employees named by Plaintiffs, namely, Albert Gray, Monte Mrotz, Mike Corripio, Donald Ferguson, Henry Strickland, Richard Turner and Ronnie Ray, is barred from consideration by the statute of limitations.

Certain claims brought under 42 U.S.C. § 1981 are subject to a four year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (holding that a

cause of action that alleges violations of § 1981, as amended by the Civil Rights Act of 1991 is governed by the four-year statute of limitations set forth in 28 U.S.C. § 1658).[2]

As the Supreme Court has noted, the 1991 amendment of § 1981 added a new subsection to § 1981 that defined the term "make and enforce contracts" to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  *Jones*, 541 U.S at 373.  The cause of action asserted in this matter is that Defendant intentionally discriminated against Plaintiffs when it denied company housing to Plaintiffs and awarded housing to other employees.  As this claim alleges a violation of Plaintiffs' right to enjoy all the same "benefits privileges, terms and conditions" of their employment contract as their white counterparts, the claim arises under the 1991 Amendment of the Act. Therefore, the four-year statute of limitations applies to Plaintiffs' claim.

Defendant avers that employees Albert Gray, Monte Mrotz, Mike Corripio, Donald Ferguson, Henry Strickland, Richard Turner and Ronnie Ray were all awarded on-property housing benefits prior to May 1, 2002 and concludes that when the instant lawsuit was filed on May 1, 2006, the statute of limitations had expired as to Defendant's alleged discriminatory denial of housing to Plaintiffs in favor of all the above-named seven employees .  (Def. Mem. of Law at 4.)[3]

It is true that "[i]n employment discrimination actions, the limitations period begins with the "time of the discriminatory act."" *Hanani v. State of New Jersey Dept. of Environmental Protection*, 2006 WL 3246507, at \*4 (3d Cir. 2006) (citing *Miller v. Beneficial Mgmt. Corp.*, 977

---

[2]As the Supreme Court stated in *Jones* stated, § 1658 is "a catchall 4-year statute of limitations for actions arising under federal statutes enacted after December 1, 1990."  *Id.* at 371.  Specifically, § 1658 provides that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658.

[3] Gray received housing on April 27, 1998; Mrotz on February 1, 2000; Corripio on June 18, 2000; Ferguson on September 10, 2000; Strickland on October 22, 2000; Turner on December 5, 2000; and Ray on February 11, 2001. (Defendant's Statement of Undisputed Facts ¶ 13.) However, Mrotz was reassigned housing in 2009 following his change of status from independent contractor to HOVENSA employee. (*Id.*)

F.2d 834, 842 (3d Cir.1992) (emphasis omitted) (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)). However, where the discriminatory conduct constitutes a "continuing violation, the statute of limitations begins to run on the date of the last occurrence of discrimination, rather than the first." *Id*. To establish that a claim falls within the continuing violations theory, the plaintiff must first demonstrate that at least one act occurred within the statutory filing period. *Arthur v. Hovic*, 2002 WL 32356629, at *2 (D.V. I. Sept. 24, 2002) (citing *United Airlines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). The plaintiff must also establish that the discrimination is "more than the occurrence of isolated or sporadic acts of intentional discrimination." *Id*. (citing *Jewett v. International Telephone & Telegraph Corp*., 653 F.2d 89, 91-92 (3d Cir. 1981). Instead, there must be evidence that the actions constitute "part of an ongoing practice or pattern of discrimination of the defendant." *West v. Philadelphia Elec. Co*., 45 F.3d 744, 754 (3d Cir. 1995) (citations omitted). In assessing whether the acts constitute a continuing violation, the court looks to factors such as (1) whether the violations cited constitute the same type of discrimination; (2) the frequency of the conduct; and (3) whether the act complained of has a degree of permanence triggering plaintiff's duty to assert his or her rights. *Id*. at 755 (citing *Berry v. Board of Supervisors of Louisiana State Univ*., 715 F.2d 971, 981 (5th Cir.1983) and *Waltman v. International Paper Co*., 875 F.2d 468, 474-75 (5th Cir.1989)). Once the plaintiff has alleged sufficient facts to support use of the continuing violation theory he may then offer evidence of the entire continuing violation. *West*, 45 F.3d at 755.

Without ruling on the merits of Plaintiffs' claim at this juncture, the Court finds that Plaintiffs have sufficiently cited evidence of a continuing violation. The Plaintiffs have identified a dozen individuals who allegedly received favorable treatment by HOVENSA vis a vis the award of on-housing property over the course of several years, including individuals

whose favorable treatment occurred within the statute of limitations. (Def. Statement of Undisputed Facts ¶¶ 12-13.) Moreover, the conduct complained of reoccurred over a period of time and was not an isolated event. (*Id.*) In addition, no single act necessarily established a permanent adverse consequence to Plaintiffs such that they should have been on notice at the outset that their rights were being violated.

## B. Burden of proof for a claim under 42 U.S.C. § 1981

Section 1981 provides the following contractual rights:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and *the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.*

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981 (emphasis added.)

When considering a § 1981 claim, the court must apply the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Rajbahadoorsingh v. Chase Manhattan Bank, NA.*, 168 F. Supp. 2d 496, 501 (D.V.I. 2001). The burden-shifting proceeds as follows:

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima

facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981) (*citing McDonnell Douglas*, 411 U.S. at 802, 804) (internal quotations omitted)).

To establish a prima facie case of discrimination, Plaintiffs must show that (1) they are members of a protected class; (2) they were qualified for the position; (3) they suffered an adverse employment action; and (4) similarly situated nonmembers of their protected class were treated more favorably. *Shillingford v. Hess Oil of the V.I.*, 2009 U.S. Dist. LEXIS 53371, at *18-19 (D.V.I. June 18, 2009) (citing *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318-19 (3d Cir. 2000); *Harley v. Caneel Bay, Inc.*, 193 F. Supp. 2d 833, 835 (D.V.I. 2002)).

### 1. Prima Facie Case of Discrimination under § 1981

Plaintiffs allege that HOVENSA discriminated against Plaintiffs by denying them on-property housing and providing that benefit to white supervisors with less seniority than Plaintiffs. (Compl. ¶ 8.) Defendant contends that Plaintiffs have not established a prima facie case of discrimination because the white HOVENSA employees identified as receiving favorable treatment were not "similarly situated" to the Plaintiffs. (Def. Mem. of Law at 6.) Defendants also argue that the failure to provide company housing to Plaintiffs does not constitute an adverse employment action. (*Id.*)

In Opposition, Plaintiffs argue that "at least in two instances . . . HOVENSA gave similarly situated white supervisors company housing instead of plaintiffs." (Pl. Opp. at 1.) In particular, Plaintiffs argue that Joey Jones, a white grade level 5 employee, like Plaintiffs, did not qualify for housing but received housing nonetheless and that this treatment was evidence of

discriminatory intent. (Pl. Opp. at 5.) Plaintiffs also assert that Jeremy Crouthamel was promoted to a higher grade level than Plaintiffs although they had more seniority, and that as a result of this discriminatory promotion, he was able to qualify for housing before them. (*Id.*)

The Court will limit its discussion to the allegations concerning Crouthamel and Jones as Plaintiffs do not dispute the factual basis provided by HOVENSA for distinguishing the situation of the other employees cited above.[4]

The Court first finds that the Plaintiffs Eric Lynch and Aaron Johnson, as African Americans, and Plaintiff Sylis Kariah, as an Indian-American have established that they are members of a protected class. *Bradley v. United States*, 299 F.3d 197, 206 (3d Cir. 2002); *Sondhi v. Lockheed Missiles & Space Co., Inc.*, 1995 WL 453249, at *5 (9th Cir. 1995). Furthermore, the Plaintiffs have established that, for a certain period of time during which this cause of action arose, they were eligible for on-property housing. (Def. Statement of Undisputed Facts ¶ 4.) However, Plaintiffs have not cited facts establishing that they suffered an adverse employment action or that they were similarly situated to non-protected employees of HOVENSA who were awarded housing.

---

[4]In its Statement of Undisputed Facts, HOVENSA set forth the policy for allocating on-property housing as it evolved from the period of 1998 to the present. HOVENSA stated that from the period October 31, 1998 to September 30, 2002, HOVENSA employees relocating to St. Croix were given priority in the award of HOVENSA on-property housing (Def. Statement of Undisputed Facts ¶ 2.) From the period October 1, 2002 to July 20, 2003, employees at a grade level 17 were automatically eligible for available housing and relocating employees continued to have priority in obtaining housing. (*Id.* ¶¶ 4, 28.) From the period of July 21, 2003 to the present, non-relocating HOVENSA employees would be automatically eligible for available housing when they were promoted into a grade level 8 position. (*Id.* ¶ 7.) Furthermore, from 1998 to the present, HOVENSA awarded on-property housing to employees on call after hours and to independent contractors (*Id.* ¶ ¶ 17-18). HOVENSA stated that **Corripio, Ferguson, Strickland, Turner**, **Ray** and **Federspiel,** met the conditions of being relocating employees during the time period of 1998-2004, in contrast to Plaintiffs, who were all existing employees living on St. Croix (Def. Mem. of Law at 8). HOVENSA stated that **Albert Gray**'s position required proximity to work, in contrast to Plaintiffs. HOVENSA stated that **Mrotz** was an independent contractor when he was originally awarded housing and that subsequently he was promoted to a grade level 8, which entitled him to housing, in contrast to Plaintiffs, who did not work for an independent contractor and were not promoted to grade level 8. **Petievich** was promoted to a grade level 17 on July 8, 2002, making him eligible for housing, a situation in contrast to the Plaintiffs', who were then at grade level 15. Finally, HOVENSA stated that **Long** never received on-property housing, a fact that Plaintiffs do not contest. None of the facts cited in this paragraph have been disputed by Plaintiffs.

### a. Adverse employment action

"[A]n adverse employment action is one which is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001) (quoting *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir.1997)). *See also Williams v. County of Fairfax*, 1998 WL 708694, at *2 (4th Cir. 1998) (citing *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir.1981)) (adverse employment actions involve "hiring, granting leave, discharging, promoting [or] compensating"); *Sensing v. Outback Steakhouse of Florida, LLC*, 575 F.3d 145, 157 (1st Cir. 2009) (an adverse employment action includes any material disadvantage with respect to salary, grade, or other objective terms and conditions of employment) (citations and internal quotations omitted).

Plaintiffs allege that HOVENSA's actions awarding on-property housing to non-protected employees and not to Plaintiffs constitute an adverse employment action. However, as Defendant has averred and Plaintiff has admitted, from 1998 until the present employees who were eligible for housing benefit but who were not awarded company housing received a housing allowance. (Def. Statement of Undisputed Facts ¶ 9; Pl. Response to Def. Statement of Undisputed Facts ¶ 9.) Pursuant to that policy Plaintiffs each received housing allowance benefits. Plaintiffs have not set forth any evidence that the payment of housing benefits in lieu of an award of on-property housing is a "serious and tangible enough" action to alter the Plaintiffs' "compensation, terms, conditions, or privileges of employment." *Cardenas*, 269 F.3d at 263. While it may be the case that the housing allowance constitutes a lesser value than the award of Company housing, there is no evidence proffered in support of that proposition. In fact, Plaintiffs do not even address the argument in their Opposition.

### b. Similarly situated

Even assuming arguendo that Plaintiffs sufficiently alleged an adverse employment action, they have failed to provide evidence that they were similarly situated to Crouthamel.

"To make a comparison of the plaintiff's treatment to that of an employee outside the plaintiff's protected class . . . the plaintiff must show that he and the employee are similarly situated in all *relevant* respects." *Houston v. Easton Area School Dist.*, 2009 WL 4609756, at \*3 (3d Cir. Dec. 8, 2009) (emphasis in original) (citing *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997) (collecting cases). Relevant factors for determining when individuals are similarly situated are determined on a case-by-case basis. *Id*. Where the plaintiff asserts that a person who is not a member of the protected class receives a benefit that is denied plaintiff, such as a transfer or promotion, relevant factors include evidence that the plaintiff and comparator possess analogous attributes, experience, education, and qualifications relevant to the position sought. *Houston*, 2009 WL 4609756, at \*3 (citing *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 618 (7th Cir.2000) (internal quotations omitted).

Plaintiffs allege that Crouthamel, a white stateside employee who was awarded on-property housing, is similarly situated to Plaintiffs because, like them, he is a supervisor. However, Plaintiffs overlook certain relevant factors that distinguish Crouthamel from the Plaintiffs. The facts alleged by HOVENSA show that at the time Crouthamel was awarded housing, on September 29, 2003, he had been promoted to a grade level 8. (Def. Statement of Undisputed Facts ¶ 27.) During that time period, HOVENSA had a policy wherein non-relocating employees would be automatically offered a housing assignment based on availability at the time they were promoted to a grade level 8 position. In contrast, Plaintiffs, who are non-relocating employees, have been, from July 21, 2003 until the time this lawsuit was filed, below

grade level 8 and are thus not automatically eligible for housing. (Def. Statement of Undisputed Facts ¶ 8.)

While Plaintiffs, in their Response to Defendant's Statement of Undisputed Facts technically "deny" HOVENSA's assertion with respect to Crouthamel, the Opposition makes clear that they do not deny the fact that Crouthamel received housing after being promoted to grade level 8, but simply argue that the promotion was unfair since Crouthamel had less seniority and was promoted to grade level 8 while Plaintiffs were not. (Pl. Opp. at 3.) Plaintiffs argue that the evidence suggests that Crouthamel was promoted for the purpose of making him eligible for housing and thus conclude that they have established a prima facie case of discrimination. (*Id*. at 4.)

Despite changing course and focusing on Crouthamel's promotion rather than award of housing, Plaintiffs still have not established that they were similarly situated to Crouthamel for purposes of promotion. As HOVENSA asserts, Crouthamel was employed as a Senior Mechanical Specialist and Plaintiffs were employed as Process Supervisors. (Def. Reply to Opp. at 4.) The evidence does not show that the Plaintiffs and Crouthamel "possessed analogous attributes, experience, education, and qualifications" relevant to the promotion obtained by Crouthamel. *Houston*, 2009 WL 4609756, at *3. Rather, the evidence shows that Plaintiffs and Crouthamel were not employed in the same capacity at HOVENSA, and thus it is reasonable to infer that Plaintiffs and Crouthamel were assigned different duties and engaged in different conduct subject to different standards. As a result, the Court concludes that Plaintiffs are not similarly situated to Crouthamel. *Evans v. Toys R Us, Inc.*, 2000 WL 761803, at *9 (6th Cir. 2000) ("to be deemed similarly situated, the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the

same standards and have been engaged in the same conduct") (citing *Mitchell v. Toledo Hosp*., 964 F.2d 577, 582-83 (6th Cir. 1992)); *Haywood v. Gutierrez*, 2009 WL 1208111, at *6 (E.D. Va. 2009) (plaintiff could not be similarly situated to comparator whose position consists of different duties, as defendant's reasons for promoting comparator are likely to be vastly different as well). *See also Welch v. Mercer University*, 2008 WL 5377729, at *2 (11th Cir. 2008) (plaintiff could not show that two white women who worked in an entirely different academic department with entirely different standards for promotion were valid comparators ).

Moreover, Plaintiffs have not cited any evidence to support the assertion that Crouthamel was promoted in order to make him eligible for housing but merely speculate that this was so. *See Acumed*, 561 F.3d at 228 ("speculation and conjecture may not defeat a motion for summary judgment"). The Court concludes that Plaintiffs have not established a prima facie case of discrimination with respect to any actions HOVENSA took in awarding Crouthamel housing or promoting him to grade level 8.

Plaintiffs also allege for the first time in their Opposition, that Joey Jones, a white HOVENSA engineer at grade level 5 has occupied company housing in contravention of HOVENSA's own policy to provide relocating engineers at grade level 5 only two years of housing. (Pl. Opp. at 2 (citing Kariah Decl. ¶ 4.)) Plaintiffs argue that this constitutes evidence of discrimination because HOVENSA deemed Plaintiffs ineligible for housing because they were grade level 5 employees. (Pl. Opp. at 5.)

Plaintiffs' evidence regarding the status of Joey Jones' grade level and housing is the affidavit of one of the Plaintiffs, Sylis Kariah. In the Kariah Declaration, Kariah avers that Mr. Jones provided the information about Jones' grade level and status. The Defendant argues that the evidence relied upon by Plaintiff constitutes hearsay. The Court notes here that hearsay

statements that are inadmissible at trial may not be considered for purposes of summary judgment. *Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009). However, as Defendant has affirmed certain facts in the Kariah Declaration pertaining to Mr. Jones, the Court will consider those facts in deciding this Motion. (Def. Reply at 7-8; Def. Reply to Pl.'s Response to Def. Statement of Undisputed Facts). [5]

Defendant avers that when it hired Joey Jones on May 22, 2006 as a Process Engineer I, he was awarded on-property housing benefits due to HOVENSA's policy of awarding housing to relocating engineers. (Def. Reply at 8.) It is evident that at the time Jones was awarded housing he was not similarly situated to Plaintiffs given his status as a relocating engineer. However, HOVENSA does not deny that its policy at the time was to limit such housing to a term of two years. (Def. Reply at 11.) Thus, it appears that after a term of two years, Jones was sufficiently similarly situated to Plaintiffs with regard to the criteria for housing awards, given his and their grade level below 8, to show that his occupation of company housing demonstrated disparate treatment. Again, assuming arguendo that there was an adverse employment action by HOVENSA, such treatment would establish a prima facie case of discrimination.

### 2. Legitimate, nondiscriminatory reason

Once the plaintiffs satisfy their initial burden, the defendants are required to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Burdine*, 450 U.S. at 252. A defendant's burden is "one of production, not persuasion" and is not to be subjected to a

---

[5] In any case, it is not clear that the statements included in the Kariah Declaration are excludable hearsay. Under Federal Rule of Evidence 801(d)(2), a statement is not hearsay when "[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a *statement of which the party has manifested an adoption or belief in its truth*, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by *the party's* agent or *servant* concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2). In this case, Mr. Jones was HOVENSA's servant and the matter arguably fell within the scope of his employment. Additionally, HOVENSA has manifested a belief in the truth of certain statements made by Plaintiff Kariah, and it is those undisputed facts that the Court considers.

credibility assessment. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, (2000) (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993)).

Defendant asserts that when it came time for Jones to vacate the premises he, and other Engineer I employees began to protest about the imminent relocation. (Def. Reply at 11.) HOVENSA was also aware that engineers who had resigned indicated that the loss of housing was a factor in their resignation. (Def. Ex. 1 Halk Aff. ¶ 1.) To avoid growing Engineer I morale problems, HOVENSA decided to allow Engineering I employees current occupying on-property housing to remain there as regular long-term housing residents. (*Id.* at 12.) This change of policy was applied to all employees holding Engineer I positions at the time it was enacted, including Randall Sharpe, an African American Engineer I. In order to avoid the problem of resistance to vacating on-property housing with Engineer I employees in the future, HOVENSA modified its policy such that at present, relocating Engineer I individuals are provided with temporary accommodations for up to four weeks in a hotel and condominium and after that the employees receive a housing allowance. (Def. Reply at 12 (citing Ex. 1 Halk Aff. ¶ 7.)). In short, HOVENSA modified its policy in order to retain specialized employees whom it reasonably feared would resign if evicted from on-property housing. This modification benefitted Jones as an Engineer I but did not benefit Plaintiffs, as Process Supervisors. The Court finds that the Defendant has satisfied its burden to articulate a nondiscriminatory reason for awarding Jones housing and not offering the same opportunity to Plaintiffs.

### 3. Pretext for discrimination

"Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing*

*Products, Inc*., 530 U.S. 133, 143 (2000) (internal quotations and citations omitted). At this juncture, the Defendant having articulated a legitimate nondiscriminatory basis for its actions, the final burden rests with Plaintiffs "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Burdine*, 450 U.S. at 252. "[T]he plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Plaintiffs have cited no evidence that the HOVENSA's articulated reason for awarding housing to Jones and not Plaintiffs was unworthy of credence, or that a discriminatory reason more likely than not was the motivating or determinative cause. *Id*.

## IV. Conclusion

The Court finds that there is no genuine issue of material fact in dispute and that Plaintiffs have failed to establish by a preponderance of the evidence a prima facie case of discriminatory conduct by Defendant HOVENSA. First, Plaintiffs have not shown that they suffered an adverse employment action. Second, Plaintiffs have not shown that they were similarly situated to any of the nonprotected employees of HOVENSA they cited as comparators, with the exception of Joey Jones. Furthermore, assuming arguendo that Plaintiffs have established a prima facie case of discrimination with regard to Joey Jones, Defendants have articulated a legitimate nondiscriminatory reason for Jones' housing award, and Plaintiffs have failed to sustain their burden of providing evidence that the Defendant's reason was a pretext. Therefore, HOVENSA's Motion for Summary judgment will be granted. An appropriate Order accompanies this Memorandum Opinion.

ENTER:



Dated: June 2,  2010                    _____/s/_____
                                        HONORABLE RAYMOND L. FINCH
                                        SENIOR U.S. DISTRICT JUDGE